# In the United States Court of Federal Claims

Nos. 08-39C & 08-64C

(Filed: February 4, 2008)

*****************************************

CHAPMAN LAW FIRM CO., and
HOMESOURCE REAL ESTATE ASSET
SERVICES, INC.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

*****************************************

ORDER

On January 31, 2008, the Court conducted a conference call on the record with counsel for the parties to address pending motions. As a preliminary matter, the Court observed that the complaints filed by Chapman Law Firm Company ("Chapman"), No. 08-39C, and Homesource Real Estate Asset Services, Inc. ("Homesource"), No. 08-64C, relate to the same agency action, and the same proposed contract modifications. Without objection, the Court directs the Clerk to consolidate case No. 08-39C and No. 08-64C pursuant to Rule 42(a).

One of the issues raised is whether any injunctive relief should be entered against the Department of Housing & Urban Development ("HUD") regarding proposed modifications to existing contracts to provide management and marketing (M & M") services for Ohio and Michigan. Defendant represented that HUD wanted to proceed with these modifications on January 31, 2008 unless restrained by the Court. For the reasons explained by the Court on the record, Plaintiffs' motions for preliminary injunctive relief and Homesource's motion for a temporary restraining order are DENIED.

Also for reasons explained on the record, Chapman's motion to supplement the administrative record is DENIED.

Counsel for Defendant represented that its January 29, 2008 motion for judgment on the administrative record would apply both to Chapman's and Homesource's complaints, and would not need to be amended as a result of the consolidation. Accordingly, Homesource shall file its

response and any cross-motion to Defendant's motion for judgment on the administrative record on or before Wednesday, February 6, 2008. Defendant shall file any reply on or before Tuesday, February 12, 2008. The Court will defer a ruling on the merits of the parties' cross-motions until briefing is completed.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge